934 A.2d 697

**Marilyn KNECHTEL, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MARRIOTT CORPORATION), Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2007.

Decided Nov. 20, 2007.

William G. Cohen, Esq., New Castle, for Marilyn Knechtel.

Amber Marie Kenger, Esq., Richard C. Lengler, Esq., Workers Compensation Appeal Board, for Workers' Compensation Appeal Board.

Jane Ann Lombard, Esq., Robert Scott Richman, Esq., Swartz Campbell, L.L.C., Philadelphia, for Marriott Corporation.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *ORDER*

PER CURIAM.

The Order of the Commonwealth Court is affirmed.

Justice BAER files a concurring statement in which Justice BALDWIN joins.

Justice BAER, concurring.

Today the Court affirms by *per curiam* order the Commonwealth Court's construction regarding the legislature's enactment of 77 P.S. § 651(b),[1] allowing a claimant's healthcare provider to "participate" in the examination conducted by an employer's physician. In so doing, we affirm the court's holding that the legislature intended to afford the opposing expert a first-hand view of the examination process, through attendance and observation, but did not intend to permit such expert to engage in any active conduct which might disturb the examining physician. I write to express my opinion that nothing in our affirmance of the Commonwealth Court's opinion, limiting a healthcare provider to attending and observing an employer's physician's examination, should be seen as precluding such a provider from engaging in other passive, non-disruptive activity during the exam. Specifically, I be-

1. This section provides, in relevant part:
   In the case of a physical examination, the employe shall be entitled to have a health care provider of his own selection, to be paid by him, participate in such examination requested by his employer or ordered by the workers' compensation judge.
   77 P.S. § 651(b).

lieve that a workers' compensation judge retains the discretion to grant a claimant's reasonable request to take notes and/or audio or videotape the examination, so long as such activity will not interfere with an employer's physician's ability to conduct an examination.

Justice BALDWIN joins this concurring statement.